[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
THE COURT: This is the matter of Elgin Miller vs. Grace Miller, Docket No. FA01-0728048.
The Court after hearing finds that the marriage has broken down irretrievably, and therefore dissolution may enter on that ground. The allegations of the complaint have been established.
At this point and time there are two minor children of the marriage, Dwayne born August 17, 1987, and Vanessa born February 7, 1990. There is an older child who has reached the age of majority. Custody of the two minor children shall be joint with primary residence with the mother; reasonable rights of visitation to the father, which shall include, at least, Father's Day, Christmas Eve, and such other times as arrangements can be made for visitation. That has not presented any problem in the past. In the event there is a dispute, the parties may petition the Court to make the visitation rights more specific.
There are three disputed issues; support, alimony, and the division of property. In addition, the State of Connecticut is owed $60,000 by virtue of AFDC payments made over a period of years to the defendant. At the time she made application and received those payments, the defendant did not disclose that she had a joint interest, together with her husband, of property in Jamaica. In addition, she failed to disclose that he would be living with her from time to time. So although in her applications and renewals she indicated separations, she failed to disclose the times that they were living together and that some of the separations were due to the fact that he was working in another state and coming home from time to time, depending on the job needs.
Although parties have at times earned more money that the Court will find for purposes of child support; i.e., the father earned one year over $30,000. There have been times when he's been unemployed because of the nature of his work as a cook. The plaintiff husband decided to change his CT Page 15344-b career to have something more stable, and in fact, went to school for a year to accomplish that so that he is now working in the refrigeration area and has obtained employment with Kasden Fuel. At the present time, he is earning $440 per week, and after deductions for taxes, Medicare, etc., nets $320 and receives an additional net rental income of $15, because he has a two-family house.
Defendant mother, in the past, has earned approximately $20,000 a year, but currently is working in the medical field. Currently, she is functioning as a school assistant for $300 a week, netting out approximately $250.
The Court finds according to the guidelines the support shall be in the amount of $126 per week from plaintiff husband to defendant wife.
In addition to, the Court in examining the file learns that he is currently paying $20 per week on an arrearage that had been previously found by the Court, pendente lite, which has not been paid, and therefore, shall continue to make $20 payments on that arrearage.
Each party to provide medical and dental insurance on behalf of the two minor children as available through their two places of employment, union or group plan, at a reasonable cost to them pursuant to Connecticut General Statutes 46(b), 84(f). Unreimbursed medical and daycare expenses to be paid in accordance to the guidelines. Currently that reflects a 60 per cent from the defendant mother and 40 per cent from the plaintiff father. Of course, understanding that at the present time, they are currently utilizing the State's Husky plan to cover the children.
The parties have two pieces of real estate; one in Jamaica, and by virtue of a recent evaluation that property is worth $85,000 net because there is no mortgage. The address is 26 Aldeen Drive, Kingston, Jamaica. However, in the event it is sold at a forced sale, the estimated evaluation is $75,000.
The plaintiff husband owns a piece of property, recently purchased, at 47 Walnut Street in Enfield. This was accomplished after the separation of the parties. He purchased the property for $98,000 and received a mortgage for $98,000. Currently, the State has a lien on the property for the $60,000 that is owed the State of Connecticut. The value of the property has a range of $122,000 to $150,000, or an equity of either $26,000 or $54,000. The Court has no way of distinguishing which is the appropriate evaluation because the only evidence was submitted without testimony. It was two appraisals; one by the plaintiff and one by the defendant. There is no way for the Court to distinguish which is CT Page 15344-c correct.
In addition, I've indicated that the State has a lien on that property. The Court is going to order the property in Kingston, Jamaica sold, and from the proceeds of that the payment of $60,000 on the lien so the amount owed the State shall be terminated. This may, obviously, implicate the lien on the property owned by the plaintiff husband. However, the Court is cognizant to the fact that appraisals and sales may result in figures that are different. So the Court will retain jurisdiction over the real estate for purposes of determining what the net amount that is received after sale and what amount, therefore, is available for the State. Conceptually, it should be a sufficient amount to pay off the State, but that may not necessarily be true. Therefore, the Court will allow the lien of the State to be maintained on the plaintiff's property until that issue is determined, as well as what is a fair distribution of whatever the proceeds left are between the parties.
The plaintiff husband may retain his 1990 Honda Prelude. Currently, the defendant wife has a 1996 Ford Windstar, which may be in the name of both or the plaintiff, as well. However, the plaintiff husband is paying the auto loan which comes out to $76 a week according to his affidavit. Husband shall transfer all right, title, and interest to the defendant wife if she wishes to retain that automobile. If she does not, obviously, the Windstar may have to be disposed of. If she does wish to have the automobile, husband shall pay the Windstar payment for at least one month in terms of transition. Thereafter, all payments will be due from the defendant wife.
The parties have Jamaica accounts totaling — one being joint in the amount of $600, approximately, and one in his name for $400. She may retain the $600 account; he may retain the $400 account. In addition, she has a 401K valued in her affidavit at $1,300 which she may retain, as well as her People's Bank checking account and all her household furnishings and property listed on her affidavit. He may retain his Fleet Bank account in the approximate value of $200.
Each party will pay the other $1.00 per year alimony until the youngest child reaches the age of majority; i.e., eighteen years of age. The length of time shall be non-modifiable, but during that period of time shall terminate as to each party in the event they remarry, die, or cohabitation in accordance with the statute. Otherwise, it shall be modifiable in accordance with the Statute if there is a substantial change in circumstances.
It has been raised during the course of the decision, related to the CT Page 15344-d financial orders, that the parties may be under-employed. The Court finds that the plaintiff husband has a good and valid reason for getting a job that pays less than he earned last year, but has a better vision for the future. The Court finds that it is not unreasonable for the defendant mother to have less hours to avoid having to pay daycare. If she pays daycare, she will come out with less money.
Each party shall exchange tax returns until the youngest child reaches the age of eighteen.
HONORABLE HERBERT BARALL, JUDGE CT Page 15345